UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

---------------------------------------------------------------X
COREY HAMILTON,

    Plaintiff,

-vs-

CENTRAL MAINE & QUEBEC RAILWAY US INC., operating as, CANADIAN PACIFIC KANSAS CITY LIMITED.

    Defendant.

---------------------------------------------------------------X

CIVIL ACTION NO:

JURY TRIAL DEMANDED

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this Federal Employers' Liability Act action against the defendant pursuant to 45 U.S.C. 51 et seq. for injuries suffered by him while in the employ of the defendant Railroad.

### PARTIES

2. The Plaintiff, Corey Hamilton, is a resident of St. Albans, Maine, and at all times relevant to this complaint was employed as a conductor by Defendant.

3. The Defendant, Central Maine & Quebec Railway US, Inc. is a railroad carrier corporation duly established by law with offices in Bangor, Maine and was engaged in the furtherance of interstate commerce within the meaning of the Federal Employers' Liability Act, 45 U.S.C. §§ 51, between the States of Maine and Vermont. It is a subsidiary of and operates under the name Canadian Pacific Kansas City Limited.

### JURISDICTION AND VENUE

4. Jurisdiction is proper under 45 U.S.C. § 56 and 28 U.S.C. § 1331. Venue lies in this District under 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this judicial district.

## COUNT I (October 19, 2022 Accident)

## NEGLIGENCE UNDER FELA (45 U.S.C. 51 et seq.)

5. During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between Maine and Vermont.

6. At the time the plaintiff received the injuries he complained of, he was employed by the defendant railroad as a conductor.

7. At the time the plaintiff received the injuries complained of the defendant railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about October 19, 2022, the plaintiff was engaged in his duties as conductor riding in a train from Brownville Junction Terminal southbound to Herman, Maine. The railroad tracks were owned and/or controlled and/or maintained by the defendant railroad.

9. On October 19, 2022, after days of pouring rain and a resulting declared state of emergency, the tracks along the route from Brownville Junction to Herman became saturated by heavy rainwater with visibly swollen rivers and streams.

10. On October 19, 2022, defendant's managers knew or should have known that the above-described extreme weather conditions had saturated the area adjacent to the tracks running southbound from Brownville to Herman, resulting in an increased risk of track washout that would threaten the safety of any crew members operating railroad locomotives on those tracks.

11. Despite these conditions, the defendant managers ordered the plaintiff and his fellow crew members to operate a freight train consisting of three locomotives and about fifty cars from Brownville to Herman.

12. Despite having knowledge of these dangerous conditions, the defendant failed to give the crew any special instructions, impose any special speed restrictions, or conduct a special inspection of the tracks before the operation of the train.

13. Near Orneville, Maine, heavy rains had washed out the soil and ballast that had supported the tracks, causing the locomotive to plunge into the creek below.

14. Defendant owed Plaintiff a non-delegable duty to provide a reasonably safe place to work and to exercise ordinary care in the maintenance of its track, structures, and right-of-way.

15. As a result of defendant's failure to provide the plaintiff with a reasonably safe place to work in violation of 45 U.S.C., Section 51, and to comply with applicable federal safety statutes, regulations, and Safety Advisories, the plaintiff has and will suffer permanent physical and psychological injuries rendering him unable to return to work.

16. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

    a. Failing to identify operating tracks and related infrastructure vulnerable to extreme weather events;

    b. Failing to implement plans and policies to monitor operating track infrastructure vulnerable to extreme weather events;

    c. Failing to implement training programs, rules, policies, and procedures related to severe weather to ensure weather-related action plans are promptly executed;

    d. Failing to monitor the waterways passing under or along the tracks to ensure those waterways had not caused a washout of the soil and ballast supporting the tracks;

    e. Failing to inspect the tracks to ensure the unusually heavy downpour of rain had not caused a washout of the soil and ballast supporting the tracks;

    f. Failing to impose a restricted speed order so the train could stop before derailing into a washout condition at night;

    g. Failing to cancel the train on which plaintiff was injured because of the risk it would encounter a washout in the darkness of night;

    h. Failing to comply with 49 Code of Federal Regulations Section 213, including but not limited to subsection 239 which calls for a special inspection of tracks in the event of a severe storm which might have damaged track structures;

    i. Failing to comply with Federal Railroad Administration Notice of Safety Advisory 97-1 (issued on September 4, 1997) which recommends track and bridge inspection and limits on train speed when there are flooding conditions;

    j. Failing to act in a reasonably prudent manner under all the facts and circumstances

17. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious physical injuries and damages.

18. As a result of his injuries, the plaintiff suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, disfigurement, and mental anguish.

## COUNT II (April 15, 2023 Accident)

### NEGLIGENCE UNDER FELA (45 U.S.C. 51 et seq.)

19. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 18 of this Complaint with the same force and effect as if set forth under this cause of action.

20. On or about April 15, 2023, Plaintiff was working as a conductor aboard a freight train operated by Defendant near Sandwich Academy Grant Township, Somerset County, Maine.

21. The train was operating on track owned and maintained by the Defendant, when a track washout occurred due to the release of water from a beaver dam breach, which overwhelmed nearby culverts, washed out the roadbed, and caused three locomotives and six cars to derail.

22. As a result of derailment and subsequent crash, the locomotive caught fire and the Plaintiff was forced to evacuate the locomotive by jumping from a window.

23. Plaintiff was thrown within the locomotive, sustaining serious physical injuries, resulting in medical treatment, wage loss, and lasting impairment.

24. The Defendant knew or should have known of the increased drainage and erosion risks in the area, including the presence of wildlife-created obstructions such as beaver dams, and failed to take appropriate mitigation measures or conduct necessary inspections prior to the derailment.

25. Defendant owed Plaintiff a non-delegable duty to provide a reasonably safe place to work and to exercise ordinary care in the maintenance of its track, structures, and right-of-way.

26. Defendant breached its duty in one or more of the following respects:

    a.  Failed to identify operating tracks and related infrastructure vulnerable to extreme weather events;

    b.    Failed to implement plans and policies to monitor operating track infrastructure vulnerable to extreme weather events;

    c.    Failed to implement training programs, rules, policies, and procedures related to severe weather to ensure weather-related action plans are promptly executed;

    d.    Failed to monitor the waterways passing under or along the tracks to ensure those waterways had not caused a washout of the soil and ballast supporting the tracks;

    e.    Failed to inspect the tracks to ensure that extreme weather events had not caused a washout of the soil and ballast supporting the tracks;

    f.    Failing to impose a restricted speed order so the train could stop before derailing into a washout condition;

    g.    Failed to comply with industry standards for inspecting track.

    h.    Failed to detect or remove a known washout hazard caused by a beaver dam and compromised culvert;

    i.    Failed to adopt or implement reasonable drainage inspection and warning systems as recommended by FRA Safety Advisory 97-1, despite longstanding federal guidance recommending proactive drainage inspections, mapping of vulnerable areas, and flash flood alert systems, Defendant failed to assess or mitigate culvert blockages and water flow hazards.

    j.    Failed to properly train and equip track inspectors to identify wildlife-related washout threats;

    k.    Failed to identify culverts that were vulnerable to failure due to blockage from debris or animal activity.

    l.    Failing to comply with 49 Code of Federal Regulations Section 213.239 which calls for a special inspection of tracks in the event of an occurrence which might have damaged track structures;

    m.    Failing to comply with 49 Code of Federal Regulations Section 213, including but not limited to subparts 233, 319, 334, 365, and 367.

    n.    They were otherwise reckless or negligent.

27. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious physical injuries and damage.

28. As a direct and proximate result of all his injuries, the plaintiff suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, disfigurement, and mental anguish.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount of Three Million Dollars, together with interest and costs and such other relief as this Honorable Court may deem necessary.

**PLAINTIFF RESERVES THE RIGHT TO A JURY TRIAL**

DATE: September 12, 2025

/s/ William J. Gallitto, III
William J. Gallitto, III, BBO # 004969
BERGEN & PARKINSON, LLC
144 Main Street
Saco, ME 04072
207-283-1000
wgallitto@bergenparkinson.com

/s/ Robert T. Naumes, Sr.
Robert T. Naumes, Esq.
NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617) 227 8444
Fed Bar No.: 09545
Robert@Naumeslaw.com
Attorneys for Plaintiff
*PRO HAC VICE MOTION TO BE FILED*

/s/Christopher C. Naumes
NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617) 227 8444
BBO # : 671701

6

christopher@naumeslaw.com
Attorney for Plaintiff
*PRO HAC VICE MOTION TO BE FILED*