**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

---

COREY HAMILTON,

      Plaintiff,

vs.

CENTRAL MAINE & QUEBEC RAILWAY
US INC., operating as CANADIAN PACIFIC
KANSAS CITY LIMITED,

      Defendant.

CIVIL ACTION NO. 1:25-cv-00491-KFW

JURY TRIAL DEMANDED

---

## STIPULATED PROTECTIVE ORDER

It being represented to the Court that Plaintiff has issued discovery requests to Defendant Central Maine & Quebec Railway US Inc. ("CMQ") that elicit the disclosure of a contract between CMQ and Kije Sipi LTD ("Kije Sipi")—the third-party contractor that provides weather alert services to CMQ—which contains a provision that designates the terms of the agreement as confidential, and limits the disclosure of the terms of the agreement.

It being represented to the Court that CMQ is willing to disclose the Kije Sipi Agreement (the "Agreement") to Plaintiff only under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that the Parties are in agreement as to the terms of said Protective Order; therefore:

It is hereby ORDERED that:

1.     CMQ will disclose a copy of the Agreement to Plaintiff and his attorneys only pursuant to this Order and under the conditions that follow.

2.      A copy of the Agreement is to be produced with a watermark indicating that it is "Confidential and Subject to Protective Order."

3.      Pursuant to the terms of the Agreement, CMQ shall redact all information contained in the Agreement relating to the pricing of Kije Sipi's services prior to disclosure of the Agreement to Plaintiff.

4.      The Agreement shall be maintained in confidence by counsel for Plaintiff and counsel for Defendant. The Agreement shall not be copied or reproduced by any means without the prior consent of counsel for CMQ or until further order of this Court. This paragraph will not apply to copies or reproductions made for the use of experts hired by the Parties in the above-captioned litigation, so long as such expert complies with the requirements set forth in Paragraph 6.

5.      The Agreement shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

6.      Counsel for the parties to the above-captioned matter may permit an expert or experts hired by a party in the above-captioned litigation to review the Agreement subject to this Order, but counsel for such Party must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Order. Said experts shall agree that the Agreement shall not be disclosed to any other person or entity and said materials shall not be copied or reproduced by any means. The Agreement provided to experts must be destroyed within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 7 below.

7.      Any party relying on the Agreement in court filings shall file the Agreement under seal. If the contents of the Agreement are disclosed on the record during any depositions in this

matter, any party relying on the deposition transcript in court filings shall redact the portions of the transcript referencing the contents of the Agreement, or file the transcript under seal.

8.      Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action the Agreement subject to this Order and nothing contained herein shall be construed as a waiver of any objection that might be raised as to the admissibility of any evidentiary material.

9.      At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal, by judgment order or otherwise, the Agreement, including any and all copies, or renditions made from the materials, shall be destroyed within thirty (30) days. In the event that any person or party ceases to be engaged in the conduct of this litigation, such person's or party's access to any and all documents subject to this Protective Order shall be terminated. In addition, all copies of the Agreement subject to this Protective Order shall be destroyed within thirty (30) days after such person or Party ceases to be engaged in the conduct of this litigation.

IT IS SO ORDERED.
DATED: March 18, 2026.

BY THE COURT:

_____
Judge's Signature

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title

**STIPULATED AND AGREED TO BY:**

BERGEN & PARKINSON, LLC

By: */s/ William J. Gallitto*

William J. Gallitto, III, BBO #004969
Bergen & Parkinson, LLC
144 Main Street
Saco, Maine  04072
Telephone:     207-283-1000
Email:  wgallitto@bergenparkinson.com


NAUMES LAW GROUP, LLC

By: */s/  Robert T. Naumes, Sr.*

Robert T. Naumes, Sr., Fed Bar #09545
Christopher C. Naumes, BBO #671701
2 Granite Avenue, Suite 425
Milton, MA  02186
Telephone:     617-227-8444
Robert@Naumeslaw.com
Christopher@Naumeslaw.com

*Attorneys for Plaintiff Corey Hamilton*

FLETCHER & SIPPEL LLC

By: /s/ *Elizabeth O. Bryant*

Elizabeth O. Bryant, #004360
Garrett Anderson (*pro hac vice*)
Fletcher & Sippel LLC
29 North Wacker Drive, Suite 800
Chicago, Illinois  60606-3208
Telephone:     312-252-1500
Facsimile:     312-252-2400
Email: ebryant@fletcher-sippel.com
        ganderson@fletcher-sippel.com

*Attorneys for Defendant Central Maine
& Quebec Railway US Inc.*